**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CHAPTER 13 PLAN**

Debtor:  **TERUMI NAKAMURA**           Case No: 8:13-bk-

Chapter 13 Plan

**CHECK ONE:**

          __X__  The Debtor certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case.  Any nonconforming provisions are deemed stricken.

          _____  The Plan contains provisions that are specific to this Plan in Additional Provisions, paragraph 5 below.  Any nonconforming provisions not set forth in paragraph 5 are deemed stricken.

**1.  MONTHLY PLAN PAYMENTS**:  Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date.  Debtor[1] to pay to the Trustee for the period of __36_____ months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors pro-rata under the plan:

A.    $_985.00_ for months ___1___ through ___6___;
B.    $_185.00_ for months ___7___ through ___36___;

in order to pay the following creditors:

**2.  ADMINISTRATIVE ATTORNEY FEE: $3,850.00 TOTAL PAID $1,500.00**

**Balance Due $2,350.00**              Payable Through Plan $_175.00__ Monthly

**3.  PRIORITY CLAIMS [as defined in 11 U.S.C. §507]:**

**Name of Creditor**                                                              **Total Claim**
_____
_____
_____
_____

**TRUSTEE FEES:**  Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

---
[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**SECURED CLAIMS**:

  **Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection.

| **Name of Creditor** | **Collateral** | **Adequate Protection Pmt. in Plan** |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

  **(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments Paid through the Plan:** Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| **Name of Creditor** | **Collateral** | **Estimated Payment** |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

  **(B) Claims Secured by Real Property Which Debtor Intend(s) to Retain / Arrearages Paid through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| **Name of Creditor** | **Collateral** | **Arrearages** |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(C) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income.  Absent further order of this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition:

**Name of Creditor         Collateral                              Payment Amt (at 31%)**
Wells Fargo Bank, N.A.   9824 Sir Frederick St, Tampa,FL   $800.00

**(D)   Claims Secured by Personal Property to Which Section 506 Valuation is NOT Applicable Secured Balances:** Upon confirmation of the Plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

**Creditor       Collateral       Ad. Prot. Pmt.     Sec. Balance     Interest @_____%**
_____
_____
_____
_____
_____

**(E)  Claims Secured by Personal Property to Which Section 506 Valuation is Applicable:**

**Creditor       Collateral       Ad. Prot Pmt. in Plan   Value    Interest @ _____%**
_____
_____
_____
_____
_____

**(F)   Claims secured by Personal Property: Regular Adequate Protection Payments and any Arrearages Paid in Plan:**

**Name of Creditor     Collateral      Ad. Prot. Pmt. in Plan         Arrearages**
_____
_____
_____
_____

**(G) Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay is terminated *in rem* as to these creditors and lessors

3

upon the filing of this Plan. Nothing herein is intended to terminate any codebtor stay or to abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

**Name of Creditor**                                                             **Property/Collateral**
_____
_____
_____
_____

**(H)   Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay is terminated *in rem* as to these creditors/lessors upon the filing of this Plan. Nothing herein is intended to lift any applicable codebtor stay or to abrogate Debtor's state law contract rights. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

**Name of Creditor**                          **Property/Collateral to be Surrendered**

**Grow Financial FCU**                        2005 Toyota Camry

**SECURED – LIENS TO BE AVOIDED/STRIPPED:**

**Name of Creditor**            **Collateral**                    **Estimated Amount**
_____
_____
_____
_____
_____

**LEASES/EXECUTORY CONTRACTS:**

**Name of Creditor**   **Property**   **Assume/Reject-Surrender**   **Estimated Arrears**
_____
_____
_____

**GENERAL UNSECURED CREDITORS:** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $2,000.00.

**ADDITIONAL PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate (check one)*

   (a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

   (b) \_\_**X**\_\_\_ shall vest in the Debtor upon confirmation of the Plan.

   *If the Debtor fails to check (a) or (b) above, or if the Debtor checks both (a) and (b), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

5. Case Specific Provisions: _____
_____
_____

\_/s/ Terumi Thomas Nakamura_____    Dated: \_3/17/2013
    Debtor

_____
    Debtor    Dated: _____

PLAN SUMMARY[2]

| | | | |
|---|---|---|---:|
| Priority Creditors: | | $ | 0.00 |
| | | | |
| Secured Creditors: | | | |
| Wells Fargo Bank, N.A. (Mtg on H/S) | (adequate protection) | $ | 4,800.00 |
| | | | |
| Grow FCU (2005 Toyota Camry) | (surrender) | $ | 0.00 |
| | | | |
| Unsecured Creditors: | | $ | 2,000.00 |
| | | | |
| Attorney Fee: | | $ | 2,350.00 |
| Loan modification | | $ | 1,800.00 |
| | | | |
| Trustee Fee: | | $ | 770.00 |
| | | | |
| Total: | | $ | 11,720.00 |
| | | | |
| Monthly plan payment: $985.00 x 6 months | | $ | 5,910.00 |
| Monthly plan payment: $185.00 x 30 months | | $ | 5,550.00 |

---

[2] The Plan Summary is intended to provide an estimate of anticipated distributions pursuant to this proposed Chapter 13 Plan. The actual distributions may vary based upon claims filed and net disposable income. Further, this Plan Summary is only to be used by the Debtor as guidance in making payments to the Chapter 13 Trustee. In the event this Plan Summary conflicts with the body of this Plan, the body of the Plan controls.